NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| HAIDLAN CAPITAL LLC, *et al.*, : | |
| : | **OPINION** |
| Plaintiffs, : | |
| : | Civil Action No. 08-CV-4195 (DMC) |
| v. : | |
| : | |
| ARC VENTURE HOLDING, INC., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

Haidlan Capital and Riz Haider ("Haider") have sued ARC Venture Holding, Inc. ("ARC")

and Advantage Rent-A-Car, Inc. ("ARAC," and collectively "Defendants") for breach of contract,

unjust enrichment, and other related claims, alleging that Defendants failed to pay monies owed

under a consulting agreement. Currently before the Court is Defendants' motion to dismiss for lack

of personal jurisdiction and improper venue, or, alternatively, to transfer venue to the Northern

District of Texas. After considering the submissions of the parties, and for the reasons set forth

below, it is the finding of the Court that Defendants' motion to dismiss for lack of personal

jurisdiction and improper venue is **denied**, and that Defendants' motion to transfer venue to the

Northern District of Texas is **granted**.

I.      **BACKGROUND**[1]

Plaintiff Haider is a New Jersey citizen and the principal of Haidlan Capital, a New Jersey

limited liability company.  Defendants ARC and ARAC are Delaware and Texas corporations,

respectively, with principal places of business in Minnesota and Texas.  ARC is a holding

company for entities operating rental car businesses.  ARAC is a licensor of intellectual property

rights in the name "Advantage Rent-A-Car," dealing exclusively with the Southwest-Tex Leasing

Company.

From February until September 2007, Haider worked for Defendants as a consultant on

ARAC's restructuring efforts.  Haider brings this action claiming that Defendants failed to pay

consulting fees due under the agreement for the months of August and September; failed to

reimburse expenses incurred in connection with consulting services; and failed to return personal

property, including a laptop computer and other files.

Currently before the Court is Defendants' motion to dismiss for lack of personal

jurisdiction and improper venue, or, alternatively, to transfer venue to the Northern District of

Texas.  The parties dispute the extent to which the underlying action is connected to the District

of New Jersey.  Haider alleges that he was solicited for the contract by Defendants in New

Jersey; that he received information about the Defendants in New Jersey; that he performed much

of his background work in New Jersey; that he participated in telephone calls and sent emails

from New Jersey; and that he met with principals of Defendants in New Jersey.  In contrast,

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Defendants allege that they have no ties to New Jersey because they conduct no business in New Jersey, have no business contacts in New Jersey, and do not solicit or otherwise advertise in New Jersey. Instead, Defendants allege that their business is conducted entirely in the states of Texas and Minnesota. With respect to the contract, Defendants deny that Haider was solicited in New Jersey or that any other meetings occurred there.[2] Rather, Defendants allege that all contractual negotiations occurred in Minnesota, and that all of the consulting services were performed in either Texas or Minnesota. Defendants further allege that Haider made dozens of trips to Texas and Minnesota to perform under the contract, and that Haider had an office and administrative assistant assigned to him in ARAC's Texas office.

## II.     DISCUSSION

         A.     *Personal Jurisdiction*

Sufficient "minimum contacts" exist between Defendants and the forum to find that the Court's exercise of personal jurisdiction is appropriate. In deciding a motion to dismiss for lack of jurisdiction, courts are required "to accept the plaintiff's allegations as true" and "to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). Once the defendant raises a jurisdictional defense, however, the burden shifts to the plaintiff to prove, by a preponderance of the evidence, sufficient facts to establish that jurisdiction is proper. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).

---

[2]Defendants concede that one meeting between the parties' principals took place in New Jersey. Defendants note, however, that the meeting was held after Plaintiffs were already hired as consultants, and allege that it was arranged by Plaintiffs after they learned that ARC's CEO would be stopping for a layover at a New Jersey airport en route to another destination.

This burden is met by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).

Federal courts exercising personal jurisdiction undertake a two-step inquiry: first, the court determines the applicability of the state's long-arm statute; second, the court considers whether the exercise of jurisdiction is consistent with the principles of due process.  See Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258–59 (3d Cir. 1998).  Since New Jersey's long-arm statute is coextensive with the fullest limits of due process, however, federal courts in New Jersey need only determine whether exercising jurisdiction is consistent with the principles of due process.  See Imo, 155 F.3d at 259.

Whether the exercise of personal jurisdiction is consistent with due process depends upon "the relationship among the defendant, the forum, and the litigation."  Id. (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  Physical presence within the forum is not required, but in the absence of physical presence the plaintiff must show either that the defendant has "purposely directed its activities towards the residents of the forum state," or that the defendant "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  Id.  In any event, the defendant's contacts with the forum must be enough that "he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may exist under either a general or specific jurisdictional theory.  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  Specific jurisdiction exists where the

4

plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.

See Imo, 155 F.3d at 259.  The specific jurisdiction standard is satisfied as long as the defendants

have sufficient "minimum contacts" with the forum and exercising jurisdiction would comport

with "traditional notions of fair play and substantial justice."  Id.

In this case, Plaintiffs argue that the Court has specific jurisdiction over Defendants

because the lawsuit arises directly from Defendants' purposeful contacts with New Jersey.

Among the alleged purposeful contacts, Plaintiffs assert that Defendants initiated contact with

Plaintiffs in New Jersey; that Defendants actively solicited services from Plaintiffs in New

Jersey; that Defendants regularly communicated with Plaintiffs in New Jersey as part of the

services provided by Plaintiffs to Defendants; and that Defendants obtained services from

Plaintiffs that were performed in New Jersey.  While the Defendants dispute the significance of

these alleged contacts, the Court notes that, at least at this stage, it is required to "construe

disputed facts in favor of the plaintiff."  Toys "R" Us, 318 F.3d at 457.  Accordingly, the Court

finds that Defendants' contacts with New Jersey, as alleged by Plaintiff, are sufficient to satisfy

the principles of due process and permit the exercise of personal jurisdiction over the

Defendants.

B.    *Venue*

Both the District of New Jersey and the Northern District of Texas are proper venues

under 28 U.S.C. § 1391(a)(2).  Section 1391(a)(2) permits venue in any judicial district where "a

substantial part of the events or omissions giving rise to the claim occurred."  Implicit within this

statutory language is that there may exist more than one judicial district bearing a "substantial"

5

relationship to the events underlying the claim.  See Judicial Improvements Act, Pub. L. No. 101-650, § 311, 104 Stat. 5089 (1990) (expanding Section 1391 from allowing venue only in the judicial district where "the claim arose" to any judicial district where "a substantial part of the events . . . occurred").

In this case, both the District of New Jersey and the Northern District of Texas satisfy the venue substantiality standard.  New Jersey is the home and principal place of business for Plaintiffs Haider and Haidlan Capital.  It is where Haider was solicited to enter into the contract with Defendants, and where he performed at least part of his background work.  Haider engaged in telephone conference calls and sent emails from New Jersey, and at least one in-person meeting between Haider and the Defendants' principals occurred in New Jersey.  As a result, the Court finds that New Jersey is a proper venue.

By comparison, however, the Northern District of Texas is the district where the majority of activities underlying the consulting agreement occurred.  ARAC is incorporated and has its principal place of business in Texas.  Haider was hired to consult on ARAC's effort to restructure its business so as to improve operating efficiency and optimize the company's value. The agreement required Haider to spend significant time at ARAC's Texas office conducting employee interviews and accessing company records.  Haider made dozens of trips to Defendants' Texas office over the eight-month duration of the contract, where his presence was apparently so pervasive that he was provided his own office space and administrative assistant. Accordingly, venue in the Northern District of Texas is also proper.

C.      *Transfer of Venue*

6

Although both fora are proper, venue in this case will be transferred to the Northern

District of Texas.  Section 1404(a) empowers a district court to transfer a case to any other

district where venue is proper "[f]or the convenience of parties and witnesses" and "in the

interest of justice."  28 U.S.C. § 1404(a).  The statute exists "to prevent the waste of 'time,

energy, and money' and to 'protect litigants, witnesses and the public against unnecessary

inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting

Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26–27 (1960)).

As a general matter, plaintiff's choice of forum is given great weight in a Section 1404(a)

analysis.  See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989).  The

plaintiff's choice of forum should "not be lightly disturbed," unless the balance of the factors

strongly favor the defendant's preference.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879

(3d Cir. 1995).  The moving party bears the burden of showing by "something more than a mere

preponderance of the evidence" that the balance of conveniences weighs "strongly in favor" of

transfer to a more convenient forum.  Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303,

307 (D.N.J. 1989).

Despite the presumption, courts have broad discretion to transfer an action under the

statute, and are not limited in their consideration to the factors enumerated in Section 1404(a).

See Plum Tree, Inc. v. Stockroent, 488 F.2d 754, 756 (3d Cir. 1973); Sandvik, 724 F. Supp. at

307.  Rather, courts may consider "all relevant factors to determine whether on balance the

litigation would more conveniently proceed and the interests of justice be better served by

transfer to a different forum."  Jumara, 55 F.3d at 879.  To that end, the Third Circuit has

provided a list of private and public interest factors to help in this determination.  The private

interest factors include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3)

whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative

physical and financial condition; (5) convenience of the witnesses; and (6) the location of books

and records.  Id.  The public interest factors include: (1) the enforceability of the judgment; (2)

practical considerations that could make the trial easy, expeditious or inexpensive; (3) the

relative administrative difficulty in the two fora from court congestion; (4) the local interest in

deciding controversies; (5) the public policies of the fora; and (6) the familiarity of the trial judge

with the applicable state law.  See id. at 879–80.

In this case, nearly all of the private and public factors weigh "strongly in favor" of a

transfer to the Northern District of Texas.  The claims arise from a contract that, at its core,

required Haider to consult on the restructuring of ARAC, a Texas company.  This required

Haider to spend significant time at ARAC's office in Texas speaking with employees and

reviewing company records.  Whether or not Haider was solicited or performed some

background work in New Jersey, it is nonetheless true that all of Defendants' records and

information relating to its relationship with Plaintiffs and the claims asserted in this lawsuit are

located in Texas or Minnesota.  Furthermore, all of the public interest factors favor transfer,

including the underlying practical considerations that would make the trial expeditious and

inexpensive; the location of the key events underlying the contract; the enforceability of any

judgment in New Jersey; and the Court's familiarity with the applicable law.  Accordingly, the

Court finds that the action "would more conveniently proceed" and "the interests of justice be

8

better served" by transfer to the Northern District of Texas.

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss for

lack of personal jurisdiction and improper venue is **denied**; and that Defendants' motion to transfer

venue to the Northern District of Texas is **granted**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.


Date:          October    17   ,  2008
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File